SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew David Murphy, | No. CV 05-3468-PCT-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Steven B. Parker, et al., | |
| Defendants. | |

Plaintiff Matthew David Murphy, confined in Arizona State Prison Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the Complaint with leave to amend.

## I.  Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $250.00.  The Court will assess an initial partial filing fee of $4.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

JDDL-K

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if a complaint "lacks merit entirely." Id. at 1129.  The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected.  Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

### III. Complaint

Plaintiff names the following Defendants: (1) Steven B. Parker, Sheriff of Mohave County; (2) Lorene Van Buren, Probation Officer; (3) Darcy Downs Vollbracht, Public Defender; (4) Steven F. Conn, Mohave County Superior Court Judge; and (5) Holly Elaine Ralph, Plaintiff's co-defendant.

Plaintiff alleges three grounds for relief: (1) Defendant Parker did not have proof of a crime except for the hearsay of the co-defendant, and Defendant Parker endangered Plaintiff's life when Parker allowed information to "circulate through the jail system" that Plaintiff told authorities the whereabouts of the co-defendant; (2) Plaintiff's attorney knew there was no proof of a crime except the statements of the co-defendant, but the attorney told Plaintiff to sign a plea deal, and Lorene Van Buren had made up her mind before speaking with Plaintiff regarding what she would say in her probation report; and (3) Defendant Ralph made false statements and threats to Plaintiff's safety.

1   For relief, Plaintiff requests monetary damages.

2   **IV.  Defendants with Immunity or Not Acting Under Color of Law**

3   **A. Defendant Judge Conn**

4   Judges are absolutely immune from § 1983 suits for damages for their judicial acts

5   except when they are taken "in the clear absence of all jurisdiction."  Stump v. Sparkman,

6   435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  An

7   act is "judicial" when it is a function normally performed by a judge and the parties dealt

8   with the judge in his or her judicial capacity.  Stump, 435 U.S. at 362; Crooks v. Maynard,

9   913 F.2d 699, 700 (9thCir. 1990).  The Court must construe these factors "generously in

10  favor of the judge and in light of the policies underlying judicial immunity." Ashelman, 793

11  F.2d at 1076.

12  This immunity attaches even if the judge is accused of acting maliciously and

13  corruptly, Pierson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or

14  procedure.  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).  See also Ammons

15  v. Baldwin, 705 F.2d 1445, 1446-48 (5th Cir. 1983)(a judge is entitled to immunity from a

16  claim that he verbally abused and humiliated a plaintiff); Tanner v. Heise, 879 F.2d 572, 577-

17  78 (9th Cir. 1989).  A judge will not be deprived of immunity because the action he took was

18  in error, was done maliciously, or was in excess of his authority; rather, he will be subject

19  to liability only when he has acted in the clear absence of all jurisdiction.  Stump, 435 U.S.

20  at 356-57.

21  Although Plaintiff makes no allegations against Defendant Judge Conn in the

22  individual Counts, Plaintiff has named Judge Conn as a defendant and has attached a four-

23  page narrative that says "they appointed my co-defendant and myself the same public

24  defender" and Defendant Conn "aggravated [his] second case."  The Court assumes that this

25  means that Defendant Conn imposed an enhanced sentence based on aggravating factors. The

26  conduct of this judge, as alleged by Plaintiff in this narrative, was judicial in nature.

27  Consequently, Defendant Conn is entitled to absolute immunity from a civil action for

28

JDDL-K

damages on these facts. Because Plaintiff makes no other allegations against Defendant Conn, Defendant Conn will be dismissed.

**B.  Defendant Probation Officer Van Buren**

Probation officers preparing pre-sentencing reports for state court judges have absolute judicial immunity from damage actions brought under §1983.  Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1986).  The conduct of Defendant Van Buren, as alleged by Plaintiff, involved the preparation of a pre-sentence report.  Defendant Van Buren is entitled to absolute immunity on these facts and will be dismissed.

**C. Defendant Public Defender Vollbracht**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law.  An attorney representing a criminal defendant, even a public defender or court-appointed counsel, does not act under color of state law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  Defendant Public Defender  Vollbracht will be dismissed because she was  not acting under color of state law.

**D. Defendant Ralph**

 A private person who makes representations to an official, even in a report required by law, is not acting under color of law within the meaning of the civil rights statutes.  Sykes v. State of Cal. (Dept. of Motor Vehicles), 497 F.2d 197, 202 (9th Cir. 1974) citing Schatte v International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the U.S. and Canada, 182 F.2d 158 (9th Cir. 1950)  Defendant Ralph, who Plaintiff alleges made statements to the police, was not acting under color of law and will be dismissed.

**V.  Failure to State a Claim**

**A.  Count I**

In Count I, Plaintiff alleges that Defendant Sheriff Parker did not have proof to arrest Plaintiff and that Parker allowed paperwork concerning Plaintiff's cooperation with authorities "to circulate through the jail system," which put Plaintiff's life in jeopardy.

1    To state a § 1983 claim challenging unlawful conduct that would render a conviction

2    invalid, a plaintiff must show that his conviction has been favorably terminated.

3    [I]n order to recover damages for allegedly unconstitutional conviction or
     imprisonment, or for other harm caused by action whose unlawfulness would
4    render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
     conviction or sentence has been reversed on direct appeal, expunged by
5    executive order, declared invalid by a state tribunal authorized to make such
     determination, or called into question by a federal court's issuance of a writ of
6    habeas corpus . . . .

7    Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Without such a showing of a "favorable

8    termination," the person's cause of action under § 1983 has not yet accrued.  Id. at 489.

9    Thus, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his

10   conviction or sentence, the complaint must be dismissed unless the plaintiff can show that

11   the conviction or sentence has already been invalidated.  Id. at 487.

12   The "favorable termination" rule bars a convicted plaintiff's claim that defendants

13   lacked probable cause to arrest and that defendants brought unfounded charges.  Smithart v.

14   Towery, 79 F.3d 951, 952 (9th Cir. 1996); see Guerrero v. Gates, 442 F3d 697, 703 (9th Cir.

15   2006) (Heck bars claims for wrongful arrest and malicious prosecution).

16   An allegation that a correctional official made statements intending to incite inmates

17   to attack another inmate may state a claim under the Eighth Amendment.  For example,

18   calling an inmate a "snitch" in front of other inmates with a wanton disregard for the

19   inmate's safety may constitute a claim under the Eighth Amendment.  See, e.g., Northington

20   v. Jackson, 973 F.2d 1518, 1525 (10thCir. 1992) (an allegation that an officer intended to

21   harm an inmate by inciting inmates to beat him may constitute an excessive force claim; if

22   an inmate is able to prove such intent, "it is as if the guard himself inflicted the beating as

23   punishment"); Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989) (defendant

24   officers calling plaintiff a "snitch" in the presence of other inmates is material to a § 1983

25   claim for denial of right not to be subjected to physical harm); Watson v. McGinnis, 964 F.

26   Supp. 127, 131-32 (S.D.N.Y. 1997) ("a guard's intentionally calling a prisoner a snitch in

27   order to cause him harm by other inmates states an Eighth Amendment excessive force

28   claim").

JDDL-K                                      - 5 -

1    Here, Plaintiff is, in effect, claiming that Defendant Parker lacked grounds for an

2    arrest.  This claim is barred by the "favorable termination" rule.  See Smithart, 79 F.3d at

3    952; Guerrero, 442 F3d at 703.  In addition, although Plaintiff could have a claim against

4    Defendant Parker for placing Plaintiff's life in danger by revealing to other inmates that

5    Plaintiff cooperated with the police, Plaintiff only alleges that Defendant Parker allowed the

6    information regarding his cooperation with the police to "circulate through the jail system."

7    Telling other officers that Plaintiff had cooperated with police would not state a claim, and

8    Plaintiff does not allege that Parker told any inmates about Plaintiff's cooperation.  A "liberal

9    interpretation of a civil rights complaint may not supply essential elements of the claim that

10   were not initially pled."  Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th

11   Cir. 1982).

12        Count I fails to state a claim and will be dismissed.

13   **B. Count II**

14        In Count II, Plaintiff alleges that his criminal defense attorney knew there was no

15   proof against Plaintiff but told Plaintiff to sign a plea.  Plaintiff also alleges that Defendant

16   Van Buren, the probation officer, made up her mind about the sentencing recommendations

17   before she spoke with Plaintiff.  In the four-page attached narrative, Plaintiff describes what

18   he apparently thinks are mitigating circumstances that would have entitled him to "probation,

19   rehab or any other options."

20        As noted above, Plaintiff's attorney, Defendant Vollbracht, was not acting under color

21   of law, and Defendant Van Buren has absolute immunity regarding the preparation of a pre-

22   sentence report.  In addition, the claims against Defendant Van Buren are for actions whose

23   unlawfulness would render Plaintiff's sentence invalid.  Thus, the "favorable termination"

24   rule of Heck also bars Plaintiff's claim against Defendant Van Buren.  Count II does not state

25   a claim and will be dismissed.

26   / / /

27   / / /

28   / / /

### C. Count III

In this Count, Plaintiff only asserts claims against Defendant Ralph. Because she is not a proper defendant in a §1983 claim, Plaintiff states no claim, and the Court will dismiss Count III.

## VI.  Leave to Amend

Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above, where possible.  The Clerk of Court will mail Plaintiff a court-approved form to use for a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VII.  Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must submit an additional copy of every document that he files for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $4.00.

1   (3)  The Complaint ( Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

2   **30 days** from the date this Order is filed to file a first amended complaint in compliance with

3   this Order.

4   (4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court

5   must, without further notice, enter a judgment of dismissal of this action with prejudice that

6   states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

7   (5)  The Clerk of Court must mail Plaintiff the court-approved form for filing a civil

8   rights complaint by a prisoner.

9   DATED this 19th day of July, 2006.

10

11

12

13   _____

14                         David G. Campbell
                     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. <u>General Information About the Civil Rights Complaint Form:</u>

A. <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

<u>Phoenix & Prescott Divisions</u>:        **OR**        <u>Tucson Division</u>:

U.S. District Court Clerk                         U.S. District Court Clerk
U.S. Courthouse, Suite 321                    U.S. Courthouse, Suite 1500

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119               Tucson, Arizona  85701-5010

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of___(month)___, (year) , to:
Name:  _____
Address:_____
        Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. Counts. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. Supporting Facts. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. Injury. State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)        Plaintiff,        )<br><br>vs.                        )<br>_____, )<br>_____, )<br>_____, )<br>_____, )<br>(Full Name of Each Defendant)   Defendant(s).   )<br>_____ ) | CASE NO. _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ☐ Other: (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
            (Position and Title)                                    (Institution)

The first Defendant is sued in his/her:  ☐ individual capacity  ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
            (Position and Title)                                    (Institution)

The second Defendant is sued in his/her:  ☐ individual capacity  ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
            (Position and Title)                                    (Institution)

The third Defendant is sued in his/her:  ☐ individual capacity  ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
            (Position and Title)                                    (Institution)

The fourth Defendant is sued in his/her:  ☐ individual capacity  ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes       ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____ .

c.  Case or docket number: _____ .

d.  Claims raised: _____
_____ .

e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____ .

f.  Approximate date lawsuit was filed: _____ .

g.  Approximate date of disposition: _____ .

4.  Second prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____ .

c.  Case or docket number: _____ .

d.  Claims raised: _____
_____ .

e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____ .

f.  Approximate date lawsuit was filed: _____ .

g.  Approximate date of disposition: _____ .

5.  Third prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____ .

c.  Case or docket number: _____ .

d.  Claims raised: _____
_____ .

e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____ .

f.  Approximate date lawsuit was filed: _____ .

g.  Approximate date of disposition: _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)         ☐ Mail              ☐ Access to the court      ☐ Medical care
                                    ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
                                    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                     ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?          ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____

          _____.

4

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                        ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                        ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.   _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                          DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.